Filed 1/21/26  In re D.W. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.W, a Person Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.W.,<br><br>        Defendant and Appellant. | A173474<br><br>(Alameda County Super. Ct. No. JD-036063-01) |

D.W. (Father) appeals from a juvenile court order terminating his reunification services in May 2025 following a contested 18-month status hearing regarding the dependency of his son, D.W. (Minor).

Father's only claim on appeal is that the Alameda County Social Services Agency (Agency) failed to meet its duty of inquiry under the Indian Child Welfare Act (ICWA, 25 U.S.C. § 1901 et seq.) and related state law, and the Agency concedes this error.  We will vacate any juvenile court findings of ICWA compliance, remand to allow the Agency to comply with ICWA and

1

related California law, and otherwise affirm the juvenile court's findings and orders.[1]

## DISCUSSION

"ICWA establishes minimum standards for state courts to follow before removing Indian children from their families and placing them in foster care or adoptive homes and does not prohibit states from establishing higher standards." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1129 (*Dezi C.*); see 25 U.S.C. § 1921.)

"Under ICWA's state analogue [(Cal-ICWA)] . . ., courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases. [Citation.] Child welfare agencies discharge this state law duty by 'asking the child, parents, legal guardian, Indian custodian, *extended family members*, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled.' " (*Dezi C.*, *supra*, 16 Cal.5th at p. 1125, quoting § 224.2, subds. (a) and (b), italics added.)

"The juvenile court is required to make findings as to the applicability of the ICWA." (*H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965.) "It should undertake a meaningful ICWA analysis on the record, not simply

---

[1] We do not recite the facts and procedural background of the dependency petition—which are unnecessary for resolving the only issue raised in this appeal—because this opinion is unpublished and the "parties already know (or should know) the facts of the case and its procedural history." (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [an unpublished opinion merely reviewing the correctness of a lower court action "does not merit extensive factual or legal statement"].)

adopt proposed findings without further comment—particularly when there has been no previous ICWA discussion on the record. In other words, there should be some evidence in the record that the juvenile court actually considered ICWA compliance and application." (*Id.* at p. 966.)

Here, it is undisputed that many adult relatives of Minor were identified by April 2023, but there is no evidence the Agency attempted to contact these relatives to inquire about Minor's possible Indian ancestry. The Agency concedes that "additional initial ICWA inquiry is required" (capitalization omitted), and both parties ask this court to remand the matter with instructions that the juvenile court order the Agency to conduct further inquiry in compliance with ICWA and related state law. We agree with the parties that the record does not support a finding that the Agency has complied with ICWA and related state law. Consequently, any such court finding of ICWA compliance must be vacated and the matter must be remanded with instructions to the juvenile court to order the Agency to conduct inquiry as required by ICWA and state law.[2] (See *In re Dominick D.* (2022) 82 Cal.App.5th 560, 563–564 [vacating a finding that ICWA did not apply where the record did not support such finding, remanding for compliance with ICWA and related California law, but otherwise affirming the juvenile court's dispositional findings and orders].)

---

[2] Both parties assume in their appellate briefs the juvenile court made findings of ICWA compliance. Although we have not located the juvenile court's ICWA findings in the record on appeal, we accept the parties' representation that the court made such findings. In any event, if the juvenile court failed to make ICWA findings, that, too, would be error. (See *H.A. v. Superior Court, supra,* 101 Cal.App.5th at p. 965 ["The juvenile court is required to make findings as to the applicability of the ICWA"].)

Father further seeks conditional reversal of the juvenile court's findings and orders made on May 19, 2025, following the 18-month status hearing. He relies on *Dezi C.*, *supra*, 16 Cal.5th at page 1125, in which our high court "h[e]ld that an inadequate Cal-ICWA inquiry requires conditional reversal of the juvenile court's order terminating parental rights with directions to the agency to conduct an adequate inquiry."

We agree with respondent, however, that conditional reversal is not required in this case, because, unlike in *Dezi C.*, there has been no termination of parental rights. As the Court of Appeal explained in *In re Francisco W.* (2006) 139 Cal.App.4th 695, "The limited [(i.e., conditional)] reversal approach is well adapted to dependency cases *involving termination of parental rights* in which we find the only error is defective ICWA notice. This approach allows the juvenile court to *regain jurisdiction* over the dependent child and determine the one remaining issue." (*Id.* at p. 705, italics added.) On the other hand, where (as here) there is already continuing jurisdiction over the minor, conditional reversal is not necessary (as it was in *Dezi C.* and *Francisco W.*) to preserve juvenile court jurisdiction and ensure ICWA compliance.[3]

## DISPOSITION

Any juvenile court findings of ICWA compliance are vacated. The matter is remanded to the juvenile court and the court is directed to order the

---

[3] In *Dezi C.*, the court reasoned that "conditional reversal is required so the agency can cure the error and thereby safeguard the rights of tribes, parents, and the child." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1141.) But in the present circumstances, the juvenile court can ensure that the Agency cures the ICWA error regardless of whether the findings and orders from May 19, 2025, are conditionally reversed.

Agency to comply with its duties under ICWA and related California law.  In all other respects, the juvenile court's findings and orders are affirmed.


_____
Miller, J.


WE CONCUR:


_____
Stewart, P. J.


_____
Richman, J.


A173474, *Alameda County Social Services v. D.W.*